FILED
3/20/2025 12:33 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Mario Hernandez
Bexar County - 407th District Court

Case 5:25-cv-00457-JKP-HJB   Document 1-1   Filed 04/25/25   Page 1 of 9

**2025CI06332**

CAUSE NO. _____

| | | |
|---|---|---|
| **BERKSHIRE HATHAWAY GUARD** | § | **IN THE DISTRICT COURT** |
| **AS SUBROGEE OF** | § | |
| **MAHADEV KRUPA, LLC** | § | |
| **DBA SUPER 8 ALAMODOME,** | § | |
| | § | |
| *PLAINTIFF*, | § | |
| | § | |
| VS. | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **GENERAL ELECTRIC COMPANY A/K/A** | § | |
| **GE APPLIANCES and** | § | |
| **HAIER A/K/A** | § | |
| **HAIER US APPLIANCE SOLUTIONS, INC.** | § | |
| | § | |
| *DEFENDANTS*. | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff Berkshire Hathaway Guard As Subrogee of Mahadev Krupa, LLC DBA Super 8 Alamodome (hereinafter "Plaintiff"), by and through its counsel of record, and hereby files the following First Amended Original Petition, and in support thereof, respectfully show this Court as follows:

### I.  DISCOVERY CONTROL PLAN

In compliance with Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs aver that discovery should be conducted pursuant to Rule 190.4 (Level 3).  The Court has entered a Level 3 Scheduling Order that includes a date for jury trial and intermediate deadlines

### II.  PARTIES

Plaintiff is an insurance company with a principal place of business in Pennsylvania. At all times material hereto, Plaintiff was an authorized insurer in the State of Texas.

**EXHIBIT A**

Mahadev Krupa, LLC DBA Super 8 Alamodome (hereinafter "Super 8") owned and operated a hotel located at 723 Hot Wells Blvd., San Antonio, Bexar County, Texas 78223, where a fire occurred on or about March 23, 2023.

At all times relevant hereto, Berkshire Hathaway Guard had an insurable interest in the real and personal property located at Super 8, where the underlying fire occurred on March 23, 2023, and/or agreed to insure same. Accordingly, Berkshire Hathaway Guard As Subrogee of Mahadev Krupa, LLC DBA Super 8 Alamodome properly proceeds as Plaintiff herein.

Defendant General Electric Company a/k/a GE Appliances (hereinafter "GE") is a New York corporation authorized to conduct business in Texas and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Only issuance of citation is requested as Plaintiff will be effectuating service via private process server.

Defendant Haier a/k/a Haier US Appliance Solutions, Inc. (hereinafter "Haier") is a Delaware corporation authorized to conduct business in Texas and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Only issuance of citation is requested as Plaintiff will be effectuating service via private process server.

At all times material hereto, Defendants GE and Haier were in the business of, among other things, designing, manufacturing, fabricating, producing, selling, assembling, testing, packaging, labeling and/or supplying HVAC Units for commercial use. Defendants GE and Haier placed HVAC Units into the stream of commerce for use by and sale to the general public.

Copy from re:SearchTX

## III. REQUEST PURSUANT TO RULE 28

To the extent that Defendants General Electric Company a/k/a GE Appliances and/or Haier a/k/a Haier US Appliance Solutions, Inc. are conducting business pursuant to a trade name or assumed name not listed as a named party to this suit, then suit is brought against those Defendants and, pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby demands that upon answer to this suit, Defendants answer in its correct legal and assumed name.

## IV. JURISDICTION AND VENUE

This cause of action is within the jurisdictional limits of this Court, as Plaintiff is seeking damages in excess of the minimum jurisdictional limits of this Court.

This Court has personal jurisdiction over the Defendants because the Defendants either reside in or engage in foreseeable, intentional, continuous, and/or systematic contacts within Texas, so that there is both general and specific personal jurisdiction, and exercising jurisdiction over the Defendants does not offend the notions of fair play and substantial justice.

The Court has general jurisdiction over Defendants because they have and/or have had substantial, continuous, and systematic contacts with the state of Texas.

Venue in Bexar County, Texas is proper under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because it is the county where the events giving rise to this matter occurred.

## V. FACTUAL BACKGROUND

Plaintiff Berkshire Hathaway Guard insures Super 8, located at 723 Hot Wells Blvd., San Antonio, Bexar County, Texas 78223, where the subject fire occurred on March 23, 2023 (hereinafter "Covered Premises").

Copy from re:SearchTX

On March 23, 2023, a GE Zoneline Deluxe Series Cooling and Electric Heat Unit, 230/208 Volt bearing Model No. AZ41E12DABW2 (hereinafter the "AC Unit") caught fire and caused significant damage to the Super 8.

The March 23, 2023 fire damaged the property, contents, and resulted in a loss of use / business interruption claim to the Super 8. The total amount of damages to date is $2,867,806.54. This amount is subject to change.

It is on information and belief that GE and/or Haier manufactured the AC Unit made the basis of this lawsuit. Pursuant to TEX. CIV. PRAC. & REM. CODE § 82.001(4), Defendants were "manufacturers" of the AC Unit because they were the "designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of" the AC Unit ("or any component part thereof") and placed the AC Unit into the stream of commerce.

Pursuant to TEX. CIV. PRAC. & REM. CODE Section § 82.001(3), Defendants were "sellers" because they "engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof."

The fire caused substantial damage to the Covered Premises, requiring Berkshire Hathaway Guard to pay its insured, Super 8, $2,867,806.54 pursuant to the insuring agreement.

## VI. NEGLIGENCE

Defendants had a duty to design, formulate, rebuild, fabricate, produce, compound, process, and/or assemble the AC Unit in such a manner so at to render it defective and/or dangerous for normal use.

4

Copy from re:SearchTX

Defendants knew or should have known that the Unit as designed, manufactured, fabricated, produced, sold, assembled, tested, packaged, labeled, and/or supplied, was in a defective and unreasonably dangerous condition.

Defendants knew or should have known the contact information for purchasers and/or end users of the AC Unit, including Super 8.

Defendants had a duty to exercise reasonable care to warn purchasers and/or end users about the dangers associated with the AC Unit, including Super 8.

Defendants had a duty to accurately represent the condition of the AC Unit.

Defendants had a duty to exercise reasonable care to accurately represent the condition of the AC Unit.

The AC Unit was in a defective condition and was unsafe for its normal or anticipated handling and consumption.

The AC Unit was in an unreasonably dangerous condition as it was dangerous to an extent beyond that contemplated by the ordinary consumer.

The AC Unit was in an unreasonably dangerous condition because a reasonable product manufacturer or seller would not have put the AC Unit on the market if it knew of the AC Unit's dangerous condition.

The AC Unit at the subject premises was in the same condition it was in when it left Defendants' care, custody, and control.

At all times relevant hereto, Defendants knew or should have known that the AC Unit's parts and/or components were susceptible to malfunctioning and causing a fire.

Copy from re:SearchTX

It was foreseeable that if the AC Unit was defective, it would damage the real and personal property located at the Covered Premises, causing direct, indirect, and consequential damages.

Defendants breached the duty of care that it owed in one or more of the following ways:

a. Designing, manufacturing, fabricating, producing, selling, assembling, testing, packaging, labeling and/or supplying a AC Unit in a defective, unreasonably dangerous condition;

b. Failing to exercise reasonable care when it designed, manufactured, fabricated, produced, sold, assembled, tested, packaged, labeled and/or supplied the AC Unit;

c. Designing, manufacturing, fabricating, producing, selling, assembling, testing, packaging, labeling and/or supplying the AC Unit with a fan motor that can overheat;

d. Designing, manufacturing, fabricating, producing, selling, assembling, testing, packaging, labeling and/or supplying the AC Unit without a shield for the fan motor;

e. Representing that the AC Unit was free of defects;

f. Representing that, if the AC Unit was installed correctly, it would operate safely;

g. Failing to exercise reasonable care in obtaining and communicating information related to the AC Unit;

h. Failing to warn commercial end users that they should take the unreasonably dangerous AC Unit units out of service; and

i. Failing to exercise reasonable care to warn purchasers and/or end users about the dangers associated with the AC Unit.

Defendants' acts and/or omissions, as set forth in the preceding paragraph, were a proximate cause of the fire and Plaintiff's insured's damages.

## VII. BREACH OF WARRANTY

Defendants breached their implied warranty of merchantability when they improperly placed defective AC Units into the marketplace that were unfit for the ordinary purpose for which such good would be used for. The AC Units contain a defect which causes the AC Units

Copy from re:SearchTX

to catch fire during normal operation. Defendants did not disclaim the implied warranty of merchantability and this breach of implied warrant of merchantability is a proximate and producing cause of the damages incurred by Plaintiff.

## VIII. ATTORNEYS' FEES

Pursuant to Tex. Civ. Prac. and Rem. Code § 82.002(g) and/or TEX. CIV. PRAC. & REM. CODE § 38.001(8), Plaintiff is entitled to recover from Defendants a reasonable attorneys' fee for services rendered by its counsel in prosecuting this lawsuit. *See Rushing v. Int'l Aviation Underwriters, Inc.,* 604 S.W.2d 239 (Tex.Civ.App.--Dallas 1980, writ ref'd n.r.e.).

## IX. DAMAGES

As a direct and proximate cause of Defendants' above-described acts and/or omissions, Plaintiff has sustained property damages in the amount of TWO MILLION EIGHT HUNDRED SIXTY-SEVEN THOUSAND EIGHT HUNDRED SIX and 54/100 ($2,867,806.54).

Plaintiff further seeks pre-judgment and post-judgment interest as allowed by law. The damages sought are within the jurisdictional limits of the Court.

## X. CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's request for relief have been performed, have occurred, or have been excused.

## XI. DEMAND FOR JURY TRIAL

Plaintiff asserts its rights and demands a trial by jury on all issues.

## XII. PRAYER

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have:

Copy from re:SearchTX

1)  Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court;

2)  Pre-judgment interest at the highest interest rate allowable by law from the date suit was filed, until judgment;

3)  Post-judgment interest at the highest interest rate allowable by law;

4)  Costs of suit, attorney's fees; and

5)  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**MATTHIESEN, WICKERT & LEHRER, S.C.**

/S/ Mark A. Solomon

By: _____

**MARK A. SOLOMON**
TBA #24052179
MSolomon@mwl-law.com
11940 Jollyville Rd., Ste 215N
Austin, Texas 78759
(800) 637-9176 PHONE
(262) 673-3766 FAX
ATTORNEY FOR PLAINTIFF

8

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle Hollcroft on behalf of Mark Solomon
Bar No. 24052179
mhollcroft@mwl-law.com
Envelope ID: 98689877
Filing Code Description: Petition
Filing Description:
Status as of 3/20/2025 1:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark Solomon | | msolomon@mwl-law.com | 3/20/2025 12:33:47 PM | SENT |
| Margaux Janda | | mjanda@mwl-law.com | 3/20/2025 12:33:47 PM | SENT |
| Michelle Hollcroft | | mhollcroft@mwl-law.com | 3/20/2025 12:33:47 PM | SENT |